BROWN ET AL., COMMRS., ET AL. *v.* THE STATE, EX REL.
MERLAND.

(Decided January 28, 1929.)

*Mr. Nelson Schwab,* prosecuting attorney, and
*Mr. Clifford F. Cordes,* for plaintiffs in error.

*Mr. Carl Lehmann* and *Mr. Albert H. Leeker,* for
defendant in error.

*Mr. Washington T. Porter, Mr. Frank F. Dins-
more,* and *Mr. A. Julius Freiberg, amici curiæ.*

HAMILTON, P. J.   The action below was a tax-
payers suit, brought to enjoin the board of county
commissioners of Hamilton county, Ohio, from
issuing $2,500,000 worth of bonds of the county of
Hamilton, for the purpose of purchasing a site and
erecting and equipping a new library building in

said county; to enjoin a tax levy to pay the bonds; and to enjoin the sinking fund trustees of Hamilton county from purchasing from the board of county commissioners an allotment of $500,000 of notes to be issued in the form of certificates of indebtedness preliminary to the issuance of the bonds for the purpose named.

The question of the issuance of the bonds was submitted to the electors of Hamilton county, at the general election held in Hamilton county, Ohio, November 2, 1926. More than 55 per cent. of the electors voted in favor of issuing the bonds.

The plaintiff below, defendant in error here, in its petition pleaded, among other things, that the board of county commissioners of Hamilton county, Ohio, are acting under and by virtue of Section 2434-1 *et seq.*, Section 14993 *et seq.*, and Section 15060 of the General Code of Ohio; that said sections are unconstitutional and void; that the issuance and sale of said bonds are unlawful; and that the county commissioners have no authority in law to issue and sell the same, or to purchase a site and erect and equip said library building. Plaintiff further pleaded that the board of county commissioners has ordered a tax to be levied and collected against all taxable property in Hamilton county, Ohio, to meet the principal and interest on the bonds, as the same become due, and that such levy is unlawful, and prayed for an order restraining the county commissioners of Hamilton county from proceeding with the issuance and sale of the notes and bonds, and the levying of a tax to pay the same, and that the sinking fund trustees be enjoined from

proceeding with the purchase of any of said notes and bonds.

The board of county commissioners and the board of sinking fund trustees of Hamilton county answered admitting the allegation of the petition, except that they deny that the sections named are unconstitutional and void, and deny that the issuance and sale of the notes and bonds are unlawful, and they allege that the defendants have full and complete authority to sell the bonds, purchase the site, and erect and equip a library, and deny that the tax to be levied and collected against all taxable property in Hamilton county, Ohio, is without warrant or authority in law.

There are other allegations in the answer not pertinent to the question of law raised, or necessary in a determination of the question of error presented.

Paintiff demurred to the answer of the defendants, thus raising the sole question of the constitutionality of the sections of the Code enumerated in the petition, under which the commissioners acted, and this is the question for consideration.

The trial court, after a hearing on the merits, held the sections unconstitutional and granted a permanent injunction as prayed for in the petition.

From that judgment, error is prosecuted to this court.

Plaintiff below, defendant in error here, contends that Sections 2434-1 to 2434-4, inclusive, Sections 14993 to 15005, inclusive, and Section 15060, of the General Code of Ohio, are unconstitutional and void for two reasons: (1) They are laws of a general nature and do not have uniform operation through-

out the state, and therefore violate Section 26 of Article II of the Constitution; (2) they are laws conferring corporate powers by special act, and therefore violate Section 1 of Article XIII of the Constitution.

We will consider the first proposition.

It is conceded by all the parties, and properly so, that Section 2434-1 and all of the sections of the Code challenged are special acts, and do not have uniform operation throughout the state. But it is contended by counsel for the plaintiff in error that, while they are special laws, they do not refer to a subject of a general nature; that the subject-matter is local and not within the inhibition of the statute. As we see it, the whole question turns on whether or not a public library is a subject of general nature.

In the case of *Hixson* v. *Burson,* 54 Ohio St., 470, at page 481, 43 N. E., 1000, 1002, the court, in discussing methods of determining subjects of a general nature, states, ''If the subject does or may exist in, and affect the people of, every county, in the state, it is of a general nature.''

A public library is primarily and essentially an educational proposition. Education affects all of the people in the state. Certainly the people of Cincinnati or of Hamilton county are no more interested in educational matters than the people of any other political subdivision in the state.

If the special acts in question could be upheld, then a special act creating a public library, authorizing the issuance of county bonds, and levying a county tax, might be passed for each county, township, village and school district in the state.

This shows the extent to which upholding of such

special legislation might lead, and suggests a cogent reason for the constitutional inhibition against special legislation on general subjects.

The language used by the court in the case of *City of Cincinnati* v. *Steinkamp, Trustee,* 54 Ohio St., 284, at page 296, 43 N. E., 490, is an aid in determining whether a subject is of general nature. The court there said: "While the subjects to be acted upon by the statute under consideration are persons and buildings, the object of the statute is the protection of persons from the dangers of fire. This is implied in its title as well as subject-matter, * * *. Protection of life and limb, it would seem, is not a local matter, but is a matter of general public interest, in which every person in the state coming within the category of people exposed to the dangers intended to be guarded against, is equally interested with every other such person * * *."

Libraries were first established in connection with the schools of the state, and the present-day public libraries of the cities, counties, and townships are the outgrowth of this original adjunct to educational institutions. Certainly, education is not a local matter, but is a matter of general public interest in which every person in the state is interested.

The argument of counsel for plaintiff in error that the Cincinnati Library is an institution of long and honorable career, and' is in the condition where it is in great need of assistance, can have no force in determining the question of the constitutionality of the laws in question.

Our conclusion is that the law under which the commissioners proceeded, to wit, Section 2434-1,

General Code, is a special act on a subject of a general nature, and does not have uniform operation throughout the state, and is therefore void, being violative of Section 26 of Article II of the Constitution of Ohio. *City of Cincinnati* v. *Steinkamp, Trustee,* 54 Ohio St., 284, 43 N. E., 490; *Hixson* v. *Burson,* 54 Ohio St., 470, 43 N. E., 1000; *State, ex rel.,* v. *Spellmire,* 67 Ohio St., 77, 65 N. E., 619.

Since this decides the question we do not consider the second proposition, that the laws confer corporate powers by special acts in violation of Section 1 of Article XIII of the Constitution.

The trial court was correct in granting the relief that it did, and its judgment is affirmed.

*Judgment affirmed.*

Cushing and Ross, JJ., concur.